FILED
MAR 21 2024
AT 8:30 3:00 PM
CLERK, U.S. DISTRICT COURT - DNJ

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Susan D. Wigenton |
| v. | : | Crim. No. 24-194 (SDW) |
| THOMAS MANZO | : | 18 U.S.C. §§ 1959(a)(3), (a)(6) 18 U.S.C. § 1519 |
| | : | 18 U.S.C. § 2 |

**INDICTMENT**

The Grand Jury in and for the District of New Jersey, sitting at Newark, charges:

**COUNT ONE**
(Violent Crime in Aid of Racketeering Activity
Assault with a Dangerous Weapon)

**The Racketeering Enterprise**

At all times relevant to this Indictment:

1.  John Perna ("Perna") was a member of a criminal organization referred to as the Lucchese Crime Family that operated in New Jersey, New York, and elsewhere. Accomplice-1 was an associate of the Lucchese Crime Family. Defendant THOMAS MANZO was associated with Perna through various common connections.

2.  The Lucchese Crime Family was part of a nationwide criminal organization known by various names, such as "the Mafia," "La Cosa Nostra," and "the MOB," which operated through entities known as "families." The Lucchese Crime Family, including its leadership, members, and associates, constituted an "enterprise," as defined in Title 18, United States Code,

Section 1959(b)(2), that is, a group of individuals associated in fact that engaged in, and the activities of which affected, interstate and foreign commerce. The Lucchese Crime Family (the "Enterprise") constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

3. The Lucchese Crime Family operated through groups of individuals, headed by persons called "captains" or "capos," who control "crews" that consist of "made" members who, in turn, control subordinates, who are known as "associates" of the Enterprise. "Made" members are elevated to their position through induction ceremonies in which they pledge fealty, or allegiance, to the Enterprise for life. The "made" members often referred to themselves, as "amica nostra," "friends of ours," or "wise guys." Capos approve all significant actions taken by made members and associates on behalf of the Enterprise. In return, a Capo typically received a share of the illegal earnings of each crew, referred to as "tribute." Otherwise, a "made" member controls the day-to-day criminal activities of his own crew and enjoys the benefits of their criminal activities.

4. Perna was a "made" member of the Lucchese Crime Family and had a crew. Accomplice-1 was an associate of the Lucchese Crime Family and was a part of Perna's crew. As an associate, Accomplice-1 was expected to carry out the orders of Perna to commit criminal acts, including drug distribution, aggravated assault, arson and wire fraud.

5. The Lucchese Crime Family, through its leaders, members, and associates, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1)-namely:

   a. multiple offenses involving the felonious manufacture, importation, receiving, concealment, buying, selling, and otherwise dealing in a controlled substance punishable under the laws of the United States, in violation of Title 21, United States Code, Section 846 (conspiracy to distribute and possess with intent to distribute controlled substances), Section 841 (distribution and possession with intent to distribute controlled substances), and Section 843(b) (use of a communication facility to violate the Controlled Substances Act);

   b. multiple acts indictable under Title 18, United States Code, Sections 1341 and 1343 (Mail and Wire Fraud);

   c. multiple acts indictable under Title 18, United States Code, Sections 892 (Extortionate Extensions of Credit) and 894 (Extortionate Collection of Extensions of Credit);  and

   d. multiple acts indictable under Title 18, United States Code, Sections 1084 (Gambling).

### Purposes of the Enterprise

6. The purposes of the Enterprise included, but were not limited to, the following:

3

a. Enriching the members and associates of the Enterprise through criminal activity, including, among others, crimes of violence, including aggravated assault with a deadly weapon, drug trafficking, wire and mail fraud, making extortionate extensions of credit and gambling;

b. Promoting and enhancing the prestige, reputation, and position of the Enterprise with respect to rival criminal organizations;

c. Preserving and protecting the power, reputation, territory, and criminal ventures of the Enterprise, through the use of acts in violation of the laws of the United States and the State of New Jersey; and

d. Concealing the activities of the Enterprise from law enforcement.

**Violent Crime in Aid of Racketeering Activity**

7.  Defendant THOMAS MANZO was a co-owner of a restaurant and wedding venue (the "Venue") in Passaic County at which Perna was scheduled to hold a wedding reception on August 16, 2015 (the "Reception"). Many of the guests invited to the Reception were members of the Lucchese Crime Family.

8.  Defendant THOMAS MANZO, upset that Victim-1 had a relationship with his former wife, planned to have a violent assault committed on Victim-1 that would leave a permanent facial scar.

9.  In or around early 2015, defendant THOMAS MANZO, knowing of Perna's membership in the Enterprise, and intending that Perna would use that membership in furtherance of his request, offered to hold the Reception for free

4

or at a deeply discounted price if Perna would commit or cause to be committed a violent assault on Victim-1.

10. Perna accepted defendant THOMAS MANZO's offer, and subsequently directed Accomplice-1 to commit the violent assault on Victim-1. Accomplice-1 agreed to commit the assault because, as an associate of the Enterprise, he was expected to comply with Perna's commands and because he intended to maintain and enhance his position with the Enterprise as a result.

11. In order to aid and assist in the commission of the violent assault, defendant THOMAS MANZO provided Perna and Accomplice-1 with personal information about Victim-1 to enable them locate Victim-1's residence, business addresses, and vehicle so that they could assault him.

12. On or about July 18, 2015, based upon information provided by defendant THOMAS MANZO, Perna and Accomplice-1 located Victim-1 and his vehicle and eventually followed Victim-1 to a strip mall in Passaic County, New Jersey. At the strip mall, Perna and Accomplice-1 attacked Victim-1 in the parking lot. Perna used a dangerous weapon, namely a slap jack, with the intent to inflict serious permanent injury on Victim-1.

13. In return for the commission of the violent assault on Victim-1, defendant THOMAS MANZO fulfilled his agreement to hold the Reception at a free or discounted price.

14. From at least as early as in or around January 2015 through on or about August 31, 2015, in Passaic County, in the District of New Jersey, and elsewhere, the defendant,

**THOMAS MANZO,**

together with Perna, Accomplice-1, and others, known and unknown, aiding and abetting each other, for the purpose of maintaining and increasing position in the Lucchese Crime Family, an enterprise engaged in racketeering activity, did knowingly and intentionally assault Victim-1 with a dangerous weapon, contrary to N.J.S.A 2C:12-1(b)(2).

In violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

**COUNT TWO**
(Conspiracy to Commit an Assault with a Dangerous Weapon and
Assault Resulting in Serious Bodily Injury)

1. The allegations set forth in Paragraph 1 through 13 of Count One of this Indictment are hereby realleged as if fully set forth herein.

2. From at least in or around January 2015 through on or about August 31, 2015, in Passaic County, in the District of New Jersey, and elsewhere, the defendant,

**THOMAS MANZO,**

together with Perna, Accomplice-1, and others known and unknown, for the purpose of maintaining and increasing position in the Lucchese Crime Family, an enterprise engaged in racketeering activity, did knowingly and intentionally conspire to (1) assault Victim-1 with a dangerous weapon, contrary to N.J.S.A 2C:12-1(b)(2), and (2) assault Victim-1, resulting in serious bodily injury contrary to N.J.S.A 2C:12-1(b)(1); all contrary to N.J.S.A 2C:5-2.

In violation of Title 18, United States Code, Section 1959(a)(6).

## COUNT THREE
(Falsifying and Concealing Records Related to a Federal Investigation)

1. The allegations set forth in Paragraphs 1 through 13 in Count One are hereby realleged as if fully set forth herein.

2. On or about August 15, 2019, in Passaic and Essex Counties, in the District of New Jersey and elsewhere, the defendant,

**THOMAS MANZO,**

did knowingly alter, conceal, cover up, falsify, and make false entries in a record, document, and tangible object, namely the certification of an invoice, and the invoice pertaining to the wedding reception of Perna, and did fail to provide records to investigators in response to a Grand Jury subpoena served on the Venue on or about August 2, 2019, and thereafter, with the intent to impede, obstruct, and influence the investigation and proper administration of a matter within the jurisdiction of the Federal Bureau of Investigation.

In violation of Title 18, United States Code, Sections 1519 and 2.

A TRUE BILL

███████████

FOREPERSON

*Philip R. Sellinger*
PHILIP R. SELLINGER
United States Attorney

CASE NUMBER: 24-194 (SDW)

# United States District Court
# District of New Jersey

**UNITED STATES OF AMERICA**

v.

**THOMAS MANZO**

## INDICTMENT FOR
18 U.S.C. §§ 1959(a)(3) and (a)(6)
18 U.S.C. § 1519
18 U.S.C. § 2

A True Bill,



Foreperson

PHILIP R. SELLINGER
*UNITED STATES ATTORNEY*
*NEWARK, NEW JERSEY*

KENDALL RANDOLPH
THOMAS KEARNEY
*ASSISTANT U.S. ATTORNEYS*
*973-645-3659*